Common Pleas Court of Clermont County.

F. B. COX v. HATTIE HULSMIRE.*

Decided, 1912.

*Appeal—Statutory Provisions with Reference to Bond on Appeal from Justice of the Peace—Where Signed by a Non-Resident there is in Law no Surety—Sections* 10219, 10383, 10394 *and* 10395.

A motion lies to dismiss an appeal from a justice of the peace, where the surety on the bond is not, and was not at the time of the giving of the bond, a resident of the state.

DAVIS, J.

The plaintiff commenced his action before a justice, and on trial the justice rendered judgment in favor of defendant. From this judgment plaintiff appealed and within the period prescribed by law attempted to execute bond for appeal. The bond was approved by the justice, and the case is now pending in this court. The plaintiff has filed his petition, and now the defendant moves to dismiss the appeal for the reason that

* Affirmed by the Circuit Court without opinion, October Term, 1912.

plaintiff's appeal bond is not such as required by law, for the reason that the surety is not now, nor was he when he signed the bond, a resident of Ohio. The bond· as to form, amount, signing and approval is admitted to be perfect. On the hearing of the motion, it was admitted that Bion Place, the surety on the bond, is now and was the attorney of plaintiff in this case; that he, when he signed the bond, ever since, and now is a resident of Kentucky, and not a resident of this state, although he has an office and practices law in Cincinnati. It was also admitted that financially he is qualified as surety on the bond, being worth more than double the penalty of bond above all debts and homestead exemptions, but has no property in this county or in this state subject to execution. The bond is signed by plaintiff, but as this under Section 10383, General Code, is not required, it does not make it a valid·bond without signature of surety.

Part 3 of General Code is remedial and under Title 1, Preliminary, Chapter 1, Section 10219, it is provided:

"Sureties must be residents of this state, and worth in the aggregate double the sum to be secured, beyond the amount of their debts, and have property liable to execution in this state equal to the sum to be secured."

It is admitted that the bond as it stands is subject to the motion, but it is claimed the defect may be cured and the court is asked to allow plaintiff to file a new bond, and this· claim is made under Section 10395, General Code. "In proceedings on appeal, when the surety in the bond is insufficient in form or amount the court, on motion, may order a change or renewal of the bond." It is also urged that the court should allow this as an amendment to pleading, and in furtherance of justice, and it is claimed that the cases in Ohio on this subject authorize the court to allow new bond to be given.

This motion has ·been argued orally and briefs submitted. The case of *Masters* v. *Beebe*, 11 O., 420, is relied on by plaintiff. In that case the bond was defective and it was held that a defective appeal bond, if it contain the substance of a bond, will sustain an appeal so far as to justify an order for a new

bond.'' In that case at time bond was executed, the law governing appeals, etc., was to be found in Swan's Statutes of 1841, at p. 686, Section 4, ''and if upon exception taken the bond shall be found defective, either in *form or in any other respect,* the appellate court may order *a new bond* to be given with security.'' Judge Burchard in deciding the case refers to this statute and says:

''It is intended to remedy an evil and should be liberally construed, and *as the law stands* any paper coming within the legal definition of a bond, employing that term in its largest sense, however defective in other respects, will, if filed in time, for that purpose sustain an appeal. An instrument without obligor or obligee or in blank as to the sum would be insufficient.''

And leave was granted in that case to file a new bond. The language is strong, but applies to the law *as it then stood,* and it may be questioned whether a paper purporting to be a bond, but signed by one as surety, who is forbidden by law from being accepted as security, can as against the objection of the obligee be said to have executed a bond. True, the party signing might and does bind himself, and can not as held by our courts take advantage of his own wrongful act and so escape, but is the obligee bound, or can the court consider the bond over the objection of the obligee to be vaild for any purpose? The law under which the case in 11 O., 420, was decided, was repealed on adoption of the code in 1851, and the law regulating appeals is found in Swan's Revised Statutes, 1851, page 518, and is Section 122 of code, and an examination of it shows an important change, by leaving out or omitting the words ''in any other respect.'' The section then reads, ''In proceedings on appeal, when the surety in the undertaking shall be insufficient, or such undertaking may be insufficient in form or amount, it shall be lawful,'' etc., and thus Section 122, substantially remained unchanged down to the present time and is now Section 10395, General Code. So that it is clear that a much larger discretion was given to the court under the law as it stood when case in 11 O., 420, was decided than now.

By the provisions of Section 10383, General Code, the appeal bond *must be signed* by at least one sufficient surety. To determine who is a sufficient surety recourse must be had to Section 10210. Looking at that section such surety is required to be "a resident of this state and worth in the aggregate double the amount secured," and were it not for the curative provisions of Section 10395, if the surety were worth in the aggregate less than double the amount secured, the bond would not be good; but under Section 10395, such bond while not proper is sufficient to entitle the principal to invoke and receive the aid of the curative provision of the section and permit the court to order a new bond. But it is significant that while Section 10395 permits the court to order a new bond "when the surety on the bond is insufficient, or such bond is insufficient in form or amount" there is no authority given to order a new bond where there is no surety at all, or where the surety is sufficient were he a resident of the state but has no property in this state. To take a bond signed by a non-resident of this state is an irregularity, which Bouvier defines to be "the doing or not doing that in the conduct of a law suit which conformably with the practice of the courts ought or ought not to be done;" and as under Section 10395 it is pointed out when and under what circumstances an amendment or change of bond on appeal may be had; then looking to Section 10394, we find provision for quashing a bond for irregularity, and as the taking of a non-resident of the state is an irregularity, the bond under that section may be quashed.

In the case of *Collins, Excr.,* v. *Mullen et al,* 57 O. S., 291-2, Judge Bradbury calls attention to the liberal principles governing amendment of appeal bonds, and cites many Ohio cases, stating that the court brings to the case under consideration the same liberal principles touching the question of perfecting appeals that by inadvertence had been irregularly taken, saying:

"We recognize however that the courts can dispense with no condition prescribed by the statute as necessary to perfect an appeal, and that the only field open to the display of liberality in this connection is in the construction of the statutes that prescribe the conditions."

And see *Goshorn* v. *Purcell,* 11 O. S., 641.

The statute prescribing the mode of appeal, required a bond with surety, having certain amount of property, and a resident of the state; by a subsequent section in case the surety in the bond is insufficient, or the bond is insufficient in form or amount, a new bond may be ordered. The surety on this bond is not insufficient, nor is it insufficient in form or amount, but the statutory requirement of residence is wanting, and to take such a bond is an irregularity. In this case the attorney representing the plaintiff, as well as the plaintiff, are presumed to know the law. To allow a new bond to be given in this case would be to permit plaintiff to take advantage of a known violation of statute. This is not a case of error, mistake or neglect on the part of justice or court in doing or failing to do something the law required of the justice, and for which error, mistake or neglect the plaintiff is in no way responsible. It is a case where the fault lies exclusively with the plaintiff. He procures the signature of a person to the bond as security who under the law can not become surety. The bond is given after case has been tried, in absence of defendant. The justice, it is true, might have required the surety to submit to examination under oath as to his statutory qualification, but was not bound to do so. He might safely rely on the presumption that the surety had the necessary qualifications. In this bond plaintiff misleads the justice by reciting that both principal and surety are residents of Hamilton county, an untrue statement. The defendant can not be deprived of his right to such surety as law requires. The motion to quash will be sustained, and the entry as directed by Section 10394, will show that the appeal is quashed by reason of irregularity in taking as surety on the appeal bond one who at the time was a non-resident of Ohio and had no property liable to execution in Ohio.